**UNITED ELECTRIC SERVICE & SUPPLY, INC., Plaintiff and Appellee,**

v.

**Ed Patrick POWERS, Jr., Defendant and Appellant.**

**Civ. No. 900316.**

Supreme Court of North Dakota.

Jan. 16, 1991.

Ed Patrick Powers, Jr., Fargo, (argued), pro se.

Nilles, Hansen & Davies, Fargo, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Ed Patrick Powers, Jr., (Powers) appeals from a June 8, 1990, judgment issued by the County Court for Cass County, which granted United Electric Service's motion for summary judgment. This action was initially commenced in a small claims court, but was subsequently removed to county court. Both parties filed summary judgment motions and appeared before the county court on June 4, 1990. Powers apparently contends that material issues of fact exist which preclude summary judgment.

In September of 1989, Powers brought a vehicle and an alternator to United Electric Service for various repairs. Powers signed the repair orders using his own name and without indicating that he was signing in any representative capacity. In paying for the services, he submitted a check allegedly issued by West Fargo Transportation, allegedly signed by Bruce Wylie, drawn on the First Guaranty Bank of Springfield, Louisiana. The check was returned because of insufficient funds in the account. United Electric Service then elected to proceed directly against Powers in small claims court.

On appeal, Powers does not dispute that the work was provided by United Electric Service or that he signed the repair orders. His contention seems to be that he is not personally responsible for the obligation. Powers asserts that this is a question of fact which must preclude summary judgment. Had he appropriately raised this issue in the trial court, he might have been successful in opposing summary judgment against him. To do so he would have had to comply with Rule 56(e), N.D.R.Civ.P. This he did not do. Although Powers did submit an affidavit and brief opposing the summary judgment, he failed to raise any issues of material fact which would preclude United Electric Service's motion for summary judgment. Powers conceded during oral argument that he failed to raise this issue in the trial court, his contention there being that United Electric Service should have sent the check through again.

 Summary judgment is a procedural device which can be used to promptly and expeditiously dispose of a controversy without a trial, if there is no dispute as to any material issues of fact or inferences which may be drawn from undisputed facts, or when only a question of law is involved. *E.g., Adams v. Canterra Petroleum, Inc.,* 439 N.W.2d 540, 542 (N.D. 1989). Although the moving party bears the burden of showing that there is no dispute as to a material fact, or inferences, the non-moving party has a subsequent duty to respond to the motion for summary judgment. *E.g., Wheeler v. Schmid Laboratories, Inc.,* 451 N.W.2d 133, 136 (N.D. 1990). The pertinent part of Rule 56(e) of the North Dakota Rules of Civil Procedure reads as follows:

"Supporting and opposing affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein.... If a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, must be entered against the adverse party."

Having reviewed the record, we conclude Powers has not raised and supported, as required by Rule 56(e), N.D.R.Civ.P., any genuine issue of material fact which would render summary judgment inappropriate. Accordingly, the June 8, 1990, judgment against him for $421.53 is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.